# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br>**WILLIAM GUTIERREZ HERNANDEZ**<br>Social Security: xxx-xx-7726<br>**VIRGILIA VÁZQUEZ TORRES**<br>Social Security: xxx-xx-1468<br><br>**Address:**<br>**CALLE 41 L-2 URB. VILLA HERMOSA**<br>**CAGUAS, PR 00725**<br><br>**DEBTORS** | **CASE NO. 93-01821**<br><br>**CHAPTER 13** |

## PETITION FOR PAYMENT OF UNCLAIMED FUNDS
## PURSUANT TO LOCAL BANKRUPTCY RULE 3011-1

**TO THE HONORABLE COURT:**

**COME NOW** Debtors, represented by the undersigned attorney and respectfully represent and pray as follows:

1. Debtors appear to petition the payment of unclaimed funds represented by the undersigned counsel who attests of her identity.

### BACKGROUND

2. Debtors filed the instant case on April 8, 1993. Docket #1. Debtors obtained their discharge on March 18, 1996. See Docket Entry #68.

3. Secured creditor Family Realtor, filed Proof of Claim #15 in the amount of $5,284.36 on April 19, 1994, with address at Calle 22 AX-9, Urb. Caguas Norte, PR 00725.

1

*In Re William Gutierrez Hernandez*
*Case no. 93-01821-SEK*

4.  On or about September 9, 1996, the Chapter 13 Trustee filed a Report on Unclaimed Monies in the amount of $4,323.95. Docket #71.

5.  Secured creditor Edwin M. Santiago, d/b/a as Family Realtor filed an Application for Withdrawal of Funds in the amount of $4,323.95 on February 17, 1998. See Docket Entry #72. Debtors objected the withdrawal of funds by Mr. Santiago. See Docket Entry #74. The Court scheduled a hearing regarding this matter and it was held on April 6, 1998. See Docket Entry #75. At the hearing, the Court denied Mr. Santiago's application to withdraw funds without prejudice due to the opposition filed by the Debtors and the failure of Mr. Santiago to prosecute his motion and appear at the hearing. See Docket Entry #76.

6.  On March 15, 2006, Brian Dilks, on behalf of Family Real Estate Co., filed a Motion to withdraw unclaimed funds in the amount of $4,323.95. See Docket Entry #78. The motion was denied by the Court, order dated June 12, 2006, due to Debtors' opposition filed at Docket #75 and this Court's disposition entered at Docket #76. See Docket Entry #79.

**DISCUSSION**

7.  The Debtors are entitled to receive $4,323.95 of unclaimed funds, as they cancelled creditor's debt and lien outside of the bankruptcy process. Upon information and belief, the amount requested is being held in the Treasury of the United States as unclaimed funds.

8.  The Debtors are entitled to receive the requested funds because the Debtors are the owners of said funds. These funds originated as payments for Proof of Claim #15 filed in the

instant case. Proof of Claim #15 was filed as a secured claim that came as a result of a real estate transaction executed on May 22, 1989 where a mortgage deed encumbering Debtors' property in the amount of $6,600 was recorded at Section 1 of the Caguas Property Registry. These funds were claimed by secured creditor Family Realtor on April 19, 1994 with the filing of Proof of Claim #15. The mortgage deed encumbering Debtors' property was subsequently cancelled and its cancellation recorded at Section 1 of the Caguas Property Registry on August 17, 1999. See the attached Title Study, highlighted for convenience.

9.    Therefore, Debtors have no outstanding debt with creditor Family Realtor as its mortgage was paid and cancelled on August 17, 1999. As there is no outstanding debt with creditor Family Realtor, the Debtors are entitled to receive $4,323.95 of unclaimed funds that the Chapter 13 Trustee had separated to distribute to creditor Family Realtor.

10.   Section 347 of the Bankruptcy Code provides that 90 days after final distribution under section 1326 of the Bankruptcy Code, the Chapter 13 Trustee shall stop payment on any check remaining unpaid and any property of the estate shall be paid into the Court and disposed of under Chapter 129 of Title 8. 11 U.S.C. §347.[1]

---

[1]    11 U.S. Code § 347 - Unclaimed property

(a) Ninety days after the final distribution under section 726, 1226, or 1326 of this title in a case under chapter 7, 12, or 13 of this title, as the case may be, the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28.

(b) Any security, money, or other property remaining unclaimed at the expiration of the time allowed in a case under chapter 9, 11, or 12 of this title for the presentation of a security or the performance of any other act as a condition to participation in the distribution under any plan confirmed under section 943 (b), 1129, 1173, or 1225 of this title, as the case may be, becomes

11. Chapter 29 of Title 8 governs money paid into the Court, including money received by officers of the Court. The Clerk of the Court is to hold moneys for 5 years after which they escheat to the United States Treasury. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him. 28 U.S. Code § 2042.[2]

12. The Debtors respectfully request that $4,323.95 of unclaimed funds be paid, together with any interest that may have accumulated, to the order of Debtors and be sent to the address of the undersigned attorney, in order to complete the matters pending in this case, or in the alternative to be collected at the Clerk's office.

---

the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be.

[2] 28 U.S. Code § 2042 - Withdrawal

No money deposited under section 2041 of this title shall be withdrawn except by order of court.

In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

**NOTICE**

**Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

**WHEREFORE**, Debtors respectfully request that this Honorable Court enter an order directing payment of the unclaimed funds described above, with any further relief that is just and proper.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to all parties in interest registered in this case for CM/ECF notice, including but not limited to: Monsita Lecaroz Arribas, Esq., U.S. Trustee's Office, Ochoa Building, Suite 301, 500 Tanca Street, Old San Juan, P.R. 00906, and José R. Carrión, Esq., in addition to any and all parties registered in this case to receive CM/ECF Notices. We will serve by regular mail this document to any the above-named persons, upon knowing that they are non CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, August 21, 2015

**LEGAL PARTNERS, P.S.C.**
Box 316, Señorial Station
San Juan, P.R. 00926-6023
Telephone: (787) 791-1818
Fax: (787) 791-4260

*/s/Manuel F. Casellas*
**MANUEL F. CASELLAS**
USDCPR 229012
mcasellas@legalpartnerspr.com
Attorney for:
Sonia Jiménez Rodríguez

**CERTIFICATE OF MAILING & SERVICE**

I, Noemi Figueroa, hereby certify, that a true and exact copy of this petition was sent to the following parties and addresses:

UNITED STATES ATTORNEY FOR THE DISTRICT OF PUERTO RICO
TORRE CHARDON, SUITE 1201
350 CARLOS CHARDON AVENUE
SAN JUAN, PR 00918

MONSITA LECAROZ ARRIBAS, ESQ.,
U.S. TRUSTEE'S OFFICE
OCHOA BUILDING, SUITE 301
500 TANCA STREET
OLD SAN JUAN, P.R. 00906

FAMILY REAL ESTATE CO
EDWIN SANTAIGO GUZMAN, OWNER
P.O. BOX 238
CAGUAS, PR 00726

BRIAN DILK, ESQ.
ATTORNEY FOR FAMILY REAL ESTATE CO
PO BOX 2728
ISSAQUAH, WA 98027-0125


On this day, August 21, 2015.

/s/Noemi Figueroa
Noemi Figueroa

# TITLE SEARCH

**CASE: VIRGILIA VAZQUEZ TORRES #93-01821 (E)**
CLIENT: LEGAL PARTNERS, PSC

PROPERTY: Number 26377, recorded at page 48 of volume 804 of CAGUAS SECTION I, Registry of CAGUAS.

DESCRIPTION:

URBANA: Solar radicado en la Urbanización Villa Hermosa, localizado en el Barrio Cañaboncito de Caguas, Puerto Rico, que se describe en el plano de inscripción de la Urbanización, con el #2 de la Manzana "L"; Area del solar 308.23 metros cuadrados. En lindes por el Norte, con el solar #1, distancia de 24.68 metros; por el Sur, con el solar #3, distancia de 22.83 metros; por el Este, con Pedro Grillo, distancia de 11.51 metros; por el Oeste, con la calle #41, distancia de 13 metros.

Enclava casa.

ORIGIN:

Formed by segregation from property 24530, recorded at page 273 of volume 753 of Caguas.

FEE SIMPLE:

Vested in favor of WILLIAM GUTIERREZ HERNANDEZ and wife VIRGILIA VAZQUEZ TORRES, who acquired by purchase from Villa Hermosa Development, for the price of $28,310.00, as per Deed No. 2326 executed in San Juan on October 3, 1975 before Joaquín Pedraza, recorded at page 48 of volume 804 of Caguas, 1st inscription.

LIENS AND ENCUMBRANCES:

By its origin:

A. Electric Power Authority
B. Communication Authority of Puerto Rico

By itself:

MORTGAGE: In favor of Housing Investment Corporation, , for the amount of $26,850.00, 8% of annual interest, due on November 1, 2005, as per deed #2327, executed in San Juan, on October 3, 1975 before Joaquín Pedraza, recorded at page 48 of volume 804 of Caguas, 1st inscription.

Canceled as per deed #523, in Guaynabo, on (not expressed), before Luis Rodríguez Bigas, at margin of 1st inscription.

MORTGAGE: In favor of Carrier, for the amount of $6,600.00, 10% of annual interest, due in a year, as per deed #27, executed in Caguas, on May 22, 1989 before Raúl Muñoz González, recorded at page 49 of volume 804 of Caguas, 2nd inscription.

Canceled as per deed #428, in San Juan, on August 17, 1999, before Francisco M. Vázquez Santoni, at margin of 2nd inscription.

MORTGAGE: In favor of Levitt Mortgage Corporation, for the amount of $57,220.00, 7 1/2% of annual interest, due on January 1, 2011, as per deed #822, executed in Guaynabo, on December 27, 1995 before Luis Rodriguez Bigas, recorded at page 49overleaf of volume 804 of Caguas, 3rd inscription.

Canceled as per deed #321, in San Juan, on July 14, 2000, before Olga I. Nigaglioni Cruz, at margin of 3rd inscription.

MORTGAGE: In favor of RG Premier Bank of Puerto Rico, for the amount of $72,800.00, 7 1/4% of annual interest, due on March 1, 2029, as per deed #4, executed in San Juan, on February 18, 1999 before Nicolas A. Quiñones Castrillo, recorded at page 50 of volume 804 of Caguas, 4th inscription.

Canceled as per deed #18, in San Juan, on January 20, 2009, beforeLeroy Lewis Maymo, at margin of 4th inscription.

William Negron Quiñones
Investigador de Titulos
Condominio El Centro II, Oficina 402
San Juan Puerto Rico 00918
Tel. (787) 759 – 6290 – Fax (787) 753-3433
wmnegron@prtc.net

MORTGAGE: In favor of Popular Mortgage Inc., for the amount of $90,000.00, 8.25% of annual interest, due on September 1, 2038, as per deed #386, executed in San Juan, on August 29, 2008 before Nestor Maldonado Cortés, recorded at page 51 of volume 804 of Caguas, 5th inscription.

MORTGAGE: In favor of Popular Mortgage Inc., for the amount of $10,000.00, 8% of annual interest, due on January 1, 2024, as per deed #552, executed in San Juan, on December 31, 2007 before Nestor Maldonado Cortés, recorded at page 51 of volume 804 of Caguas, 5th inscription.

PENDING: For recorded at entry 1407 book 1165 of daily entries, on March 15, 2012, deed 55, executed in San Juan on February 24, 2012 before Ileana Quintero Aguilo, in which the mortgage for $90,000.00 is modified to the amount of $102,065.02, with 7.50% annual interest, due on March 1, 2052.

**Revised**: Attachments, Federal and State taxes and Electronic Book of Daily entrance at December 12, 2014.

kms/MAB

William Negron Quiñones
Investigador de Titulos
Condominio El Centro II, Oficina 402
San Juan Puerto Rico 00918
Tel. (787) 759 – 6290 – Fax (787) 753-3433
wmnegron@prtc.net